# EXHIBIT A

1  MARK P. VELEZ, ESQ. (SBN 163484)
   KELSEY A. WEBBER, ESQ. (SBN 303721)
2  **THE VELEZ LAW FIRM**
   3010 Lava Ridge Court, Suite 180
3  Roseville, California 95661
   Telephone: (916) 774-2720
4  Facsimile:  (916) 774-2730

5  Attorneys for Plaintiff CAROLE CHADIMA

```
                                         FILED
                                        ENDORSED

                                      MAR 18 2016

                              By_____D. O'Donnell_____
                                        Deputy Clerk
```

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF SACRAMENTO

10

| | |
|---|---|
| CAROLE CHADIMA, | CASE NO. 34-2016-00191862 |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR DAMAGES** |
| v. | |
| USA WASTE OF CALIFORNIA, INC., a California Corporation; WASTE MANAGEMENT OF CALIFORNIA, RANDY TESSONIE, Individually; JAY STRATTON, Individually; and DOES 1 through 50, inclusive, | 1. Breach of Cal. Govt. Code §§ 12900, et seq.: Age Harassment; |
| | 2. Breach of Cal. Govt. Code § 12900 et seq.: Age Discrimination; |
| Defendants. | 3. Breach of Govt. Code §12900, et seq.: Physical/Medical Condition Discrimination, including Perceived Physical/Medical Condition Discrimination; |
| | 4. Breach of Govt. Code §12900, et seq.: Medical/Physical Condition Harassment, and/or Perceived Medical/Physical Condition Harassment; |
| | 5. Breach of Gov. Code §12900, et seq.: Failure to Engage in the Interactive Process and provide a reasonable accommodation; |
| | 6. Breach of Gov. Code §12900, et seq.: Retaliation; |
| | 7. Wrongful Termination in Violation of a Clear Public Policy. |
| | [UNLIMITED CIVIL CASE] |
| | **JURY DEMANDED** |

THE VELEZ
LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct., #180
Roseville, CA 95661

Plaintiff CAROLE CHADIMA (hereinafter "Plaintiff") states her complaint against Defendants USA WASTE OF CALIFORNIA, INC., a California corporation, and DOES 1 through 50, as follows:

## I. STATEMENT OF THE FACTS

1.   Plaintiff is a resident of North San Juan, County of Nevada, in the State of California and a former employee of Defendant USA WASTE OF CALIFORNIA, INC., a California Corporation.

2.   Defendants USA WASTE OF CALIFORNIA, INC., a California Corporation; WASTE MANAGEMENT OF CALIFORNIA, USA WASTE OF CALIFORNIA, INC., (hereinafter "Defendants "WASTE"), is a corporation doing business in Grass Valley, California, located within the County of Nevada.  Defendant USA WASTE was at all times herein relevant, Plaintiff's "employer" as that term is defined in the California Fair Employment and Housing Act ("FEHA"), California Government Code Section 12900., et. seq., maintaining Plaintiff's employment records in this county.   Defendants USA WASTE, had actual and constructive notice of the wrongful conduct and harassment perpetrated upon Plaintiff, set forth below, had both the authority and the duty to prevent and correct the same, failed to take reasonable action to prevent and correct the same and, by its conduct, condoned, supported and ratified such wrongful conduct and harassment.

3.   ~~Defendant RANDY TESSONIE (hereinafter "Defendant TESSONIE") is a former employee~~ and agent of Defendant USA WASTE, and was at all times herein relevant, Plaintiff's supervisor.

4.   Defendant JAY STRATTON (hereinafter "Defendant STRATTON") is a former employee and agent of Defendants USA WASTE, and was at all times herein relevant, Plaintiff's manager.

5.   The true names and capacities, whether individual, corporate, associate, or otherwise of defendants named herein as DOES 1 through 50 are unknown to Plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff will amend this Complaint to show their true names, involvement and capacities when the same have been ascertained.  DOES

THE VELEZ
LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct., #180
Roseville, CA 95661

1 through 50 are residents of the State of California and/or are authorized to do business in the State of California and/or have their principal place of business in the State of California. Plaintiff is informed and believes, and on that basis alleges that each of the defendants named herein as a DOE was, in some manner, responsible for the injuries and losses suffered by Plaintiff.

6.  At all times herein mentioned, each of the Defendants were the actual and apparent agents, servants, and employees of each of the remaining Defendants and, in doing the things herein after alleged, each was acting within the course and scope of his/her actual and apparent agency and employment and with the knowledge, notification, consent and subsequent ratification of each of the other defendants.

7.  At all times herein relevant, Defendant USA WASTE owed Plaintiff a duty to take all reasonable action to provide Plaintiff with a workplace free from unlawful discrimination, harassment and retaliation, and to take all reasonable action to prevent and correct discrimination, harassment, and retaliation in the workplace. Specifically, Defendants USA WASTE owed Plaintiff a duty: (1) to promulgate, in an effective way, policies, practices and guidelines regarding employment discrimination, harassment and retaliation; (2) to provide effective and adequate training to managers, supervisors and employees regarding employment discrimination, harassment and retaliation, how to take effective, timely and reasonable action to prevent employment discrimination, harassment and retaliation and, particularly, how to handle, in a reasonable, prompt and effective manner, complaints and noticed situations raising issues of employment discrimination, harassment and retaliation; (3) to provide realistic assurance to employees that defendants were serious about enforcing such policies against discrimination, harassment and retaliation; (4) to protect from retaliation employees who made or supported discrimination, harassment or retaliation complaints; (5) to conduct, in response to a complaint or actual or constructive notice of discrimination, harassment and retaliation, a good faith, reasonable, fair and prompt investigation of such complaint or in response to such notice; (6) to bring such investigation to a conclusion in a timely manner; (7) to take prompt and effective remedial action, where

THE VELEZ
LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct., #180
Roseville, CA 95661

Plaintiff's Complaint for Damages

3

1   appropriate, to prevent and correct discrimination, harassment and retaliation; (8) to

2   maintain reasonably thorough and adequate records regarding discrimination, harassment

3   and retaliation complaints, investigations, conclusions and remedial action; and (9) to avoid

4   engaging in and promoting actions which have the intended purpose and foreseeable effect

5   of silencing and quashing the voices of discrimination, harassment or retaliation

6   complainants and others who support or have supported discrimination, harassment or

7   retaliation complaints.

8   8.   Defendants, and each of them, breached the above-mentioned duties in that, at all times

9   herein relevant, defendants acted in a manner which they knew, should have known, and did

10   not care to know, condoned and supported discrimination, harassment and retaliation in the

11   workplace.   Defendants failed and refused to take reasonable action to publish and

12   promulgate, in an effective manner, policies, practices and guidelines regarding

13   discrimination, harassment and retaliation. Defendants failed and refused to take reasonable

14   action to provide adequate and effective training to managers, supervisors and employees

15   regarding discrimination, harassment and retaliation, failed to effectively train managers,

16   supervisors and employees  regarding how to prevent employment discrimination,

17   harassment and retaliation, and failed to adequately train managers, supervisors and

18   employees in how to reasonably, promptly and effectively handle complaints and notice

19   situations raising issues of employment, discrimination, harassment and retaliation.

20   Defendants responded to actual and constructive notice of and complaints regarding

21   discrimination harassment and retaliation in a manner calculated to defendant and delay,

22   rather than fairly and timely investigate situations noticed and complaints regarding

23   discrimination, harassment and retaliation, with the intended purpose and foreseeable effect

24   of supporting management at all costs, condoning and supporting discrimination, harassment

25   and retaliation.  Defendants  engaged in the above acts and omissions knowingly and as a

26   matter of general business practice, without regard to the rights of employees, including

27   Plaintiff.

28   9.   At all times herein mentioned, each of the Defendants was the actual and apparent agent,

THE VELEZ
LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct., #180
Roseville, CA 95661

Plaintiff's Complaint for Damages
4

1    servant and employee of each of the remaining defendants and in doing the things herein

2    after alleged were acting within the course and scope of their actual and apparent agency and

3    employment and with the knowledge, notification, consent and subsequent ratification of

4    each of the other defendants.

5    10.    Defendants engaged in the above acts and omissions knowingly and as a matter of general

6    business practice, without regard to the rights of employees, including Plaintiff.

7    11.    At all times relevant to this action as alleged herein above and below, and prior thereto,

8    Plaintiff suffered from a medical condition/ physical disability, with a diagnosis of asthma

9    and Sciatica.  Plaintiff's asthma and Sciatica limit major daily life activities including

10    working in a substantial way.

11    12.    Plaintiff began working as a Facility Manager, at Defendants USA WASTE's Garbage

12    Recycle location in about 2003. In about 2014, Plaintiff was transferred to the Defendants'

13    Grass Valley location, and began working in the Gate House.  Plaintiff's job duties included

14    estimating loads, checking and handling loans, and cleaning.

15    13.    Plaintiff  was a loyal long-term employee with Defendant USA WASTE, and received

16    awards from supervisors for excellent customer service. For over a decade Plaintiff was a

17    model employee with no significant or ongoing performance problems.

18    14.    In June 2013, Defendants USA WASTE hired a new manager, Defendant STRATTON.

19    Defendant STRATTON was a young male, in his 20s. At the time, Plaintiff was 60 years

20    old. Plaintiff was constantly excluded as a female over the age of 40. Plaintiff was never

21    invited to company picnics, and seldom had contact with Defendants USA WASTE's

22    management. Plaintiff was one of the only females over 40 who operated a stand-alone

23    transfer station. Additionally, Plaintiff was constantly excluded from company meetings and

24    often would receive no notifications that such meetings were being held.

25    15.    On about February 20, 2014, Plaintiff was transferred to a new work area after being called

26    into a meeting with direct supervisor, Defendant TESSONIE. Defendant TESSONIE began

27    the meeting by stating that Defendants USA WASTE had received 12-15 letters regarding

28    complaints about Plaintiff. Plaintiff was shocked, and asked to see the letters. Defendant

THE VELEZ
LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct., #130
Roseville, CA 95661

Plaintiff's Complaint for Damages
5

1      TESSONIE refused to let Plaintiff see the letters, and instead transferred Plaintiff to

2      Defendant USA WASTE's "big dump" location. At all times herein relevant, Plaintiff

3      suffered from a medical condition and/or physical disability, with diagnosis' of asthma and

4      Sciatica. Plaintiff's medical conditions/physical disabilities, rendered Plaintiff legally

5      handicap. Subsequently, Plaintiff was issued a handicap placard. However, after being

6      transferred, when Plaintiff attempted to park in the designated handicap parking, manager

7      Defendant STRATTON told Plaintiff that she could not park in the handicap parking lot,

8      stating "You have to move your car." Plaintiff replied "I'm handicapped." However, rather

9      than permitting Plaintiff to proceed to park in the handicapped parking, Defendant

10     STRATTON told Plaintiff that was "tough," and that she needed to go park in the employee

11     parking lot. The employee parking lot was over 50 yards away, with an uphill slope.

12     Plaintiff's medical condition/physical disabilities of asthma and Sciatica, made it difficult

13     for Plaintiff to walk such long, strenuous distances. Plaintiff would wear a pedometer each

14     day, and each time Plaintiff was required to walk 8,000 steps, about two miles uphill and on

15     inclines from the parking lot to work.

16     16.    Additionally, upon arriving at the new location, Plaintiff was required to use a walkie-talkie

17            to communicate with co-workers. As Plaintiff was new to the location, Plaintiff was unsure

18            where to send customers, and requested help on her walkie-talkie, but received no response.

19            A few days later, one of Plaintiff's co-workers told Plaintiff that they had all been instructed

20            by Defendant TESSONIE not to help Plaintiff. "He told us not to help you."

21     17.    Thereafter, in about late February, early March 2014, Plaintiff was working the toll booth

22            and used her walkie-talkie to request a break from her direct supervisor, Defendant

23            TESSONIE. Plaintiff had already been training for three hours without a break. Plaintiff

24            requested help so she could take a bathroom break. Plaintiff was suffering from a bleeding

25            episode of her genitalia. However, despite Plaintiff's numerous requests, Defendant

26            TESSONIE ignored Plaintiff. Plaintiff could then feel blood dripping down her legs onto her

27            pants, and into her shoes. Thereafter, after numerous requests for a break, Defendant

28            TESSONIE retorted to Plaintiff over the public announcement (PA) system, where all

THE VELEZ
LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct., #180
Roseville, CA 95661

Plaintiff's Complaint for Damages
6

1    customers and co-workers were able to hear, "Carole, if you need a break to go pee, just go

2    pee." Plaintiff was shocked and appalled at Defendant TESSONIE's announcement. Plaintiff

3    was with a customer at the time, who then stated to Plaintiff, "You're Carole?" This caused

4    Plaintiff extreme anxiety, and embarrassment. Plaintiff was then forced to proceed to the

5    bathroom with blood down her pants.

6    18.    In late March 2014, Plaintiff continued to work the toll booth despite inclement weather

7    conditions, without appropriate attire. With the exception of Plaintiff, all other employees

8    were permitted to wear gear and attire appropriate for inclement weather. On one occasion,

9    it was windy and rainy, and a customer approached Plaintiff, stating "You look a little wet."

10   Thereafter, the customer provided Plaintiff with a hat. Immediately thereafter, Defendant

11   STRATTON sent an employee to have Plaintiff remove the hat. "Jay does not want you to

12   wear that hat." Despite all other employees being permitted to wear winter clothing, and the

13   inclement weather condition, Plaintiff was forced to remove the hat.

14   19.    On March 20, 2014, Defendants USA WASTE took the ultimate adverse employment

15   action, and terminated Plaintiff's employment. Plaintiff was summoned into a meeting with

16   Defendant STRATTON, Defendant TESSONIE, and Kris Sllysberry. Mr. Sllysberry was

17   assigned to investigate Defendants USA WASTE's accusations that Plaintiff was stealing

18   time. Mr. Sllysberry was a former employee of the Federal Bureau of Investigation (FBI),

19   and interviewed Plaintiff for four hours. Defendant STRATTON alleged that Plaintiff was

20   stealing time, and had filled out a time-card recording only six minutes for lunch. Plaintiff

21   was supposed to be provided a thirty minute lunch. However, Plaintiff was unable to take

22   her 30 minute lunches as a result of her inability to take breaks. Plaintiff was required to

23   keep the toll booth open at all times, as previously provided by Defendant STRATTON.

24   "Once open, we never close." Plaintiff never closed her station for breaks or lunches, and

25   this is how it had always been. However, when Plaintiff attempted to convey these facts,

26   Defendant STRATTON responded, "I don't care what the fuck you do."

27   20.    During the meeting, Plaintiff took notes and requested that someone from human resources

28   be present. Plaintiff further stated, "I don't like this." Mr. Sllysberry responded, "You sit

THE VELEZ
LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct., #180
Roseville, CA 95661

Plaintiff's Complaint for Damages
7

1   there." The door remained closed, and Plaintiff that she was unable to leave. Throughout the

2   meeting, Mr. Sllysberry took notes, and pounded the table as he continued to interrogate

3   Plaintiff. At the end of the meeting, Mr. Sllysberry took all of Plaintiff's notes. This willful

4   and threatening intrusion onto plaintiff's person amounted to actionable assault.  In effect

5   the interview amounted to false imprisonment.  Additionally, the baseless and vile

6   accusations of theft amounted to actionable defamation.

7   21.   Thereafter on March 21, 2014, Defendant USA WASTE retaliated against Plaintiff and

8         terminated her employment. Defendants cited "time stealing" as the pretextual reason for

9         the termination.

10  22.   Within the time provided by law, Plaintiff has filed a complaint with the California

11        Department of Fair Employment and Housing, in full compliance with the FEHA and has

12        received a "right-to-sue" letter.

13

14                              **FIRST CAUSE OF ACTION**
                     **Breach of Cal. Govt. Code § 12900 et seq.: Age Harassment**
15                              (Against All Defendants)

16  23.   Plaintiff incorporates by reference the allegations set forth above and below.

17  24.   Defendants and each of them, have breached their statutory and self-imposed duties

18        owed to Plaintiff under Defendants' representations, policies and procedures, and under

19        California law, including Sections 12900, et seq., of the California Government Code.  At

20        all times, Government Code Section 12900 et seq. was in full force and effect and binding

21        upon Defendants.  These sections provide that no employer or person shall harass an

22        employee because of the protected status of Age. At all times, herein, relevant Plaintiff was

23        over the age of 40. Plaintiff in fact, was 60 years old, and thus in a protected class.

24        Defendants and each of them harassed Plaintiff based on her protected Age.

25  25.   Plaintiff is a member of the class entitled to protection under these code sections.  Plaintiff

26        has exhausted her administrative remedies under the California Fair Employment and

27        Housing Act, and has obtained a "Right to Sue" letter.

28  26.   As a result of Defendants' conduct and breach of the code section, Plaintiff has suffered and

THE VELEZ
LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct., #180
Roseville, CA 95661

will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court.  Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial.  In addition, Plaintiff has been forced as a result of Defendant's breach to retain a law firm to enforce her rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

27.    Plaintiff is informed, believes, and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure Plaintiff and entitle her to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendants.

WHEREFORE, Plaintiff  prays judgment against Defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

### Breach of Cal. Govt. Code § 12900 et seq.: Age Discrimination
### (Against Defendants WASTE)

28.    Plaintiff incorporates by reference the allegations set forth above and below.

29.    Defendants and each of them, have breached their statutory and self-imposed duties owed to Plaintiff under Defendants' representations, policies and procedures, and under California law, including Sections 12900, et seq., of the California Government Code.  At all times, Government Code Section 12900 et seq was in full force and effect and binding upon Defendants.  These sections provides that no employer or person shall discriminate against an employee on the basis of Age.  At all times, herein, relevant Plaintiff was over the age of 40, in fact 60 years old, and thus was in a protected class.  Defendants and each of them discriminated against Plaintiff based on her protected Age.

THE VELEZ
LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct., #180
Roseville, CA 95661

30.   Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff has exhausted his administrative remedies under the California Fair Employment and Housing Act and has obtained a "Right to Sue" letter.

31.   As a result of Defendants' conduct and breach of the code section, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial. In addition, Plaintiff has been forced as a result to Defendants' breach to retain a law firm to enforce his rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

32.   Plaintiff is informed, believes, and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure Plaintiff and entitle her to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendants.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.


### THIRD CAUSE OF ACTION

**Breach of Cal. Govt. Code §12900, et seq.: Medical/Physical Condition Discrimination, And/or Perceived Medical/Physical Condition Discrimination**
**(Against Defendants WASTE)**

33.   Plaintiff incorporates by reference the allegations set forth above and below.

34.   Defendants and each of them, have breached their statutory and self-imposed duties owed to Plaintiff under Defendants' representations, policies and procedures, and under California

THE VELEZ
LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct., #130
Roseville, CA 95661

1  law, including Sections 12900, 12940(a) and 12926, et seq., of the California Government

2  Code. At all times, Government Code Sections 12900, 12940(a), 12940(k)(1)(A)(B)(i)(iii)

3  including 12940(k)(4) and 12926, et seq., were in full force and effect and binding upon

4  Defendants. These sections provide that no employer shall discriminate against an employee

5  because of a "physical disability" or "medical condition." At all times herein relevant

6  Plaintiff had a protected medical condition and/or physical disability of asthma and Sciatica.

7  Defendant USA WASTE did discriminate against Plaintiff based on her protected medical

8  condition and/or physical disabilities.

9  35.  At all times relevant, herein, (1) Plaintiff suffered from a disability and/or was regarded as

10  disabled, to wit, perceived by Defendant USA WASTE as having a disability; (2) was

11  otherwise qualified to do the job, and; (3) suffered an adverse employment condition

12  because of her disability. Plaintiff suffered from physical disabilities, with diagnosis of

13  asthma and Sciatica. As a result of her physical disabilities, Plaintiff had difficulty walking

14  long, strenuous distances, which limited major life activities. These physical disabilities

15  were communicated to Defendant USA WASTER through Plaintiff. Plaintiff told

16  Defendants that she was physically disabled and needed to utilize the handicapped parking

17  per her handicapped placard. Additionally, Defendant USA WASTE, through its actions,

18  acknowledged Plaintiff's physical disabilities. Thereafter, on March 21, 2014, Defendant

19  USA WASTE took an adverse employment action against Plaintiff because of her physical

20  disabilities and terminated her employment.

21  36.  Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff

22  has exhausted her administrative remedies under the California Fair Employment and

23  Housing Act, and has obtained a "Right to Sue" letter.

24  37.  As a result of Defendants' conduct and breach of the code section, Plaintiff has suffered, and

25  will continue to suffer damages, the exact amount of which has not been fully ascertained,

26  but is within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but

27  not limited to lost wages, salary, benefits, and certain other incidental and consequential

28  expenses and damages in an amount to be shown at the time of trial. In addition, Plaintiff

THE VELEZ
LAW FIRM
Attorneys at Law
1010 Lava Ridge Ct., #130
Roseville, CA 95661

1    has been forced as a result of Defendant's breach to retain a law firm to enforce her rights,

2    and has incurred and will continue to incur costs and reasonable attorneys' fees in

3    connection herewith, recovery of which Plaintiff is entitled to according to proof.

4    38.   Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, acted

5    fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard,

6    and/or with callous disregard of the probable detrimental and economic consequences to

7    Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was

8    substantially certain to vex, annoy and injure plaintiff and entitle her to punitive damages

9    under California Civil Code §3294, in an amount sufficient to punish or to make an example

10   of Defendants.

11   **WHEREFORE,** Plaintiff prays judgment against Defendants, and each of them, as

12   hereinafter set forth.

13   ## FOURTH CAUSE OF ACTION

14   **Breach of Cal. Govt. Code §12900, et seq.: Medical/Physical Condition Harassment,**
     **And/or Perceived Medical/Physical Condition Harassment**

15   **(Against All Defendants)**

16   39.   Plaintiff incorporates by reference the allegations set forth above and below.

17   40.   Defendants and each of them, have breached their statutory and self-imposed duties owed

18   to Plaintiff under Defendants' representations, policies and procedures, and under California

19   law, including Sections 12900, 12940(a) and 12926, et seq., of the California Government

20   Code.  At all times, Government Code Section 12900, 12940(a), 12940(k)(1)(A)(B)(i)(iii)

21   including 12940(k)(4) and 12926, et seq., was in full force and effect and binding upon

22   Defendants.  These sections provide that no employer shall harass an employee because of

23   a "physical disability" or "medical condition."  At all times herein relevant, Plaintiff had a

24   protected medical and/or physical condition.  As set forth above, Defendants USA WASTE

25   and individual Defendant STRATTON harassed Plaintiff because of her protected medical

26   condition/ physical condition.  The harassment altered Plaintiff's work environment to

27   sufficiently severe and/or pervasive to create a hostile work environment for Plaintiff.

28   41.   Plaintiff is a member of the class entitled to protection under these code sections.  Plaintiff

THE VELEZ
LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct., #180
Roseville, CA 95661

1  has exhausted her administrative remedies under the California Fair Employment and

2  Housing Act, and have obtained a "Right to Sue" letter.

3  42.  As a result of Defendants' conduct and breach of the code section, Plaintiff has suffered and

4  will continue to suffer damages, the exact amount of which has not been fully ascertained

5  but is within the jurisdiction of this Court. Plaintiff is entitled to damages including but not

6  limited to lost wages, salary, benefits, and certain other incidental and consequential

7  expenses and damages in an amount to be shown at the time of trial. In addition, Plaintiff

8  has been forced as a result of Defendant's breach to retain a law firm to enforce her rights,

9  and has incurred and will continue to incur, costs and reasonable attorneys' fees in

10  connection herewith, recovery of which Plaintiff is entitled to according to proof.

11  43.  Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, acted

12  fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard,

13  and/or with callous disregard of the probable detrimental and economic consequences to

14  Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was

15  substantially certain to vex, annoy and injure Plaintiff and entitle her to punitive damages

16  under California Civil Code §3294, in an amount sufficient to punish or to make an example

17  of Defendants.

18  **WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as

19  hereinafter set forth.

20  ## FIFTH CAUSE OF ACTION
### Breach of Cal. Govt. Code §12940(n): Failure to Engage in the Interactive Process
(Against Defendants WASTE)

21  

22  

23  44.  Plaintiff incorporates by reference the allegations set forth above and below.

24  45.  Defendants, and each of them, have breached their statutory and self-imposed duties

25  owed to Plaintiff under California law, including Section 12940(n) of the California

26  Government Code. At all times, Government Code Section 12940(n) was in full force and

27  effect and binding upon Defendants. This section makes it unlawful for an employer "to fail

28  to engage in a timely, good faith, interactive process with the employee or applicant to

THE VELEZ
LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct., #130
Roseville, CA 95661

determine effect reasonable accommodations, if any, in response to a request for a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition." California case law has established that the request need not include any particular 'magic words' to trigger an employer's duty to engage in the interactive process. (*Prilliman v. United Air Lines, Inc.*,(1997) 53 Cal.App. 4th 935.

46.   Plaintiff has a protected medical/physical condition.   Plaintiff suffered from physical disabilities with diagnosis of asthma and Sciatica. As a result of her physical disabilities, Plaintiff has difficulty walking long, strenuous distances. These physical disabilities were communicated to Defendants USA through Plaintiff, when Plaintiff attempted to park in the handicapped parking lot, using her handicapped placard and stating to Defendants that she is disabled. Defendant USA WASTE, through its actions, acknowledged Plaintiff's physical disabilities, and proceeded to tell Plaintiff she could not park in the handicapped parking lot. Defendant USA WASTE never engaged Plaintiff in the interactive process to accommodate Plaintiff's medical needs.   Instead, Defendant USA WASTE refused to acknowledge Plaintiff's condition, and instead continued to make Plaintiff walk two miles a day, up and down a slope, in order to get to her work area. At no time did Defendant USA WASTE engage in the interactive process mandated by Section 12940(n) of the California Government Code.

47.   Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act, and has obtained a "Right to Sue" letter.

48.   As a result of Defendants' conduct and breach of the code section, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court.   Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial.   In addition, Plaintiff has been forced as a result of Defendant's breach to retain a law firm to enforce her rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in

THE VELEZ
LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct., #130
Roseville, CA 95661

Plaintiff's Complaint for Damages
14

1    connection herewith, recovery of which Plaintiff is entitled to according to proof.

2    49.    Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, acted

3    fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard,

4    and/or with callous disregard of the probable detrimental and economic consequences to

5    Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was

6    substantially certain to vex, annoy and injure Plaintiff and entitle her to punitive damages

7    under California Civil Code §3294, in an amount sufficient to punish or to make an example

8    of Defendants.

9    **WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as

10   hereinafter set forth.

11   <u>**SIXTH CAUSE OF ACTION**</u>

12   **Breach of Cal. Govt. Code §§ 12926, et seq.: Retaliation**
     **(Against Defendants WASTE)**

13

14   50.    Plaintiff incorporates by reference the allegations set forth above and below.

15   51.    Defendants and each of them, have breached their statutory and self-imposed duties

16   owed to Plaintiff under Defendants' representations, policies and procedures, and under

17   California law, including Sections 12900, 12926, et seq., of the California Government

18   Code.  At all times, Government Code Section 12926, et seq., including 12926(k)(4), was

19   in full force and effect and binding upon Defendants. These sections provide that no

20   employer shall retaliate against an employee because of a "physical disability" or "medical

21   condition" or a perceived "physical disability" or "medical condition" and/or for because the

22   employee has engaged in protected activity including opposing discrimination under these

23   sections and filing a disability insurance claim.

24   52.    At all times herein relevant Plaintiff had a protected medical and/or physical condition.

25   Defendant USA WASTE retaliated against Plaintiff because of her protected medical and/or

26   physical conditions and engagement in protected activity. Plaintiff incorporates by reference

27   the allegations set forth above and below.  Plaintiff suffered from physical disabilities of

28   asthma and Sciatica. These physical disabilities were communicated to Defendants USA

THE VELEZ
LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct., #180
Roseville, CA 95661

Plaintiff's Complaint for Damages
15

through Plaintiff, when Plaintiff attempted to park in the handicapped parking lot, using her handicapped placard and stating to Defendants that she is disabled. Defendant USA WASTE, through its actions, acknowledged Plaintiff's physical disabilities, and proceeded to tell Plaintiff she could not park in the handicapped parking lot. Defendant USA WASTE never engaged Plaintiff in the interactive process to accommodate Plaintiff's medical needs. Instead, Defendant USA WASTE refused to acknowledge Plaintiff's condition, and instead continued to make Plaintiff walk two miles a day, up and down a slope, in order to get to her work area. Thereafter, on March 21, 2014, Defendant USA WASTE took an adverse employment action against Plaintiff and terminated her employment. The March 21, 2014 termination was causally connected to Plaintiff 's physical disability and engagement in protected activities.

53.    Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act, and has obtained a "Right to Sue" letter.

54.    As a result of Defendants' conduct and breach of the code section, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court.  Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial.  In addition, Plaintiff has been forced as a result of Defendant's breach to retain a law firm to enforce her rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

55.    Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure Plaintiff and entitle her to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example

THE VELEZ
LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct., #150
Roseville, CA 95661

Plaintiff's Complaint for Damages
16

1   of Defendants.

2   WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as

3   hereinafter set forth.

4                                    **SEVENTH CAUSE OF ACTION**
5                   Wrongful Termination in Violation of a Clearly Stated Public Policy
                                        (Against All Defendants)
6

7   56.   Plaintiff incorporates by reference the allegations set forth above and below.

8   57.   Pursuant to the California Fair Employment and Housing Act, California Government Code

9         Section 12900., et. seq., Defendants owed Plaintiff a duty to take all reasonable action to

10        prevent and correct discrimination and retaliation in the workplace and to provide Plaintiff

11        and other employees with a work environment free from medical/physical discrimination

12        and retaliation. Additionally, Defendants Waste breached the California Labor Code section

13        1102.5 et. seq.; False Imprisonment violation of Penal Code section 236 defines "false

14        imprisonment as the unlawful violation of the personal liberty of another." An employer

15        can be held liable for civil damages for violating Penal Code section 236. *Fermino v.*

16        *Fedco, Inc.*, (1994) 7 Cal. 4th 701. An employer's right to require are employee to follow

17        the employer's directions does not authorize the employer to deprive coercively the

18        employee of his or her liberty for purposes of compelling a confession of theft of the

19        ~~employer's property at some prior time and an employer who does so is guilty of false~~

20        imprisonment. Additionally, Penal Code section 240, assault; and, Defamation including

21        per se Defamation, Slander and Libel and Civil Assault. At all times herein relevant,

22        Plaintiff and Defendant USA WASTE were in an employee – employer relationship; that

23        Plaintiff's termination was a violation of public policy; and, there is causation between the

24        protected activity and/or protected physical, medical condition and the adverse employment

25        action.

26  58.   The conduct of Defendants USA WASTE, as set forth herein, constitutes unlawful physical

27        and/or medical condition discrimination and retaliation, in violation of Public Policy

28        including the California Fair Employment and Housing Act, Government Code Sections

THE VELEZ
LAW FIRM
Attorneys at Law
010 Lava Ridge Ct. #180
oseville, CA 95661

12900, 12926, et seq.  In engaging in, fostering, promoting and conducting such wrongful employment discrimination, Defendants and each of them violated public policy.  Moreover, the termination of Plaintiff by Defendant USA WASTE amounted to a wrongful discharge in violation of public policy.  The FEHA establishes fundamental public policy upon which a common law tort claim for disability discrimination in violation of public policy may be based.  *City of Moorpark v. Superior Court*, (1998) 18 Cal.4th 1143.

59.  Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act, and has obtained a "Right to Sue" letter.

60.  As a result of Defendants' conduct and breach of the code section, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court.  Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial.  In addition, Plaintiff has been forced as a result of Defendant's breach to retain a law firm to enforce her rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

61.  Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure Plaintiff and entitle her to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendants.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

///

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as

THE VELEZ
LAW FIRM
Attorneys at Law
1010 Lava Ridge Ct., #180
Roseville, CA 95661

hereinafter set forth.

      a.     For general, special and consequential damages in an amount of excess of the jurisdictional limits of this Court, according to proof;

      b.     For exemplary damages in an amount necessary to punish defendants and to deter such conduct in the future, according to proof;

      c.     For reasonable attorney's fees under the FEHA and under any applicable statute, costs and expenses of litigation, according to proof;

      d.     For pre-judgment and post-judgment interest;

      e.     For Injunctive relief to abate physical disability discrimination; including all reasonable attorney's fees under the holding of *Harris v. City of Santa Monica*, (2013) 56 Cal.4th 203;

      f.     For economic damages;

      g.     For non-economic damages;

      h.     For such other and further relief as the Court may deem proper.

DATED: March 16, 2016          THE VELEZ LAW FIRM

                                By: Mark P. Velez, Esq.,
                                  Kelsey A. Webber, Esq.
                                Attorneys for Plaintiff
                                CAROLE CHADIMA

## JURY DEMAND

Plaintiff CAROLE CHADIMA hereby demands trial by jury.

DATED: March 16, 2016          THE VELEZ LAW FIRM

                                By: Mark P. Velez, Esq.,
                                  Kelsey A. Webber, Esq.,
                                  Attorneys for Plaintiff
                                CAROLE CHADIMA

THE VELEZ
LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct., #130
Roseville, CA 95661

 CT Corporation

**Service of Process Transmittal**
04/11/2016
CT Log Number 528968416

TO: Ashley Harper
Waste Management, Inc.
1001 Fannin St Ste 4000
Houston, TX 77002-6711

RE: **Process Served in California**

FOR: USA Waste of California, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Carole Chadima, Pltf. vs. USA Waste of California, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice(s) and Acknowledgment(s), Summons, Cover Sheet, Notice and Order, Complaint |
| **COURT/AGENCY:** | Sacramento County - Superior Court - Sacramento, CA<br>Case # 34201600191862 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - March 21, 2014 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 04/11/2016 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Mark P. Velez<br>THE VELEZ LAW FIRM<br>3010 Lava Ridge Court<br>Suite 180<br>Roseville, CA 95661<br>916-774-2720 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/11/2016, Expected Purge Date: 04/21/2016<br><br>Image SOP<br><br>Email Notification, Nancy Shoebotham  nshoebot@wm.com<br><br>Email Notification, Monique Martinez (General SOP)  mmarti41@wm.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / HK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



C T CORPORATION SYSTEM
818 WEST SEVENTH STSTE 930
LOS ANGELES CA 90017

THE VELEZ LAW FIRM
3010 Lava Ridge Court, Suite 180
Roseville, CA 95661

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Mark P. Velez, Esq.                              SBN: 163484<br>THE VELEZ LAW FIRM<br>3010 Lava Ridge Court, Suite 180<br>Roseville, California 95661<br>TELEPHONE NO.: (916) 774-2720        FAX NO. *(Optional)*: (916) 774-2730<br>E-MAIL ADDRESS *(Optional)*:  velezlaw@live.com<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Sacramento, California 95814
BRANCH NAME:

PLAINTIFF/PETITIONER:  Carole Chadima

DEFENDANT/RESPONDENT:USA Waste of California, Inc., a California Corporation;
　　　　　　　　　　　Waste Management of California, Randy Tessonie, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER:<br>34-2016-00191862 |
|---|---|

TO *(insert name of party being served)*:  USA Waste of California, Inc.

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: April 5, 2016

Stephanie N. Pottier
　　　　　(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify)*:
　　(1) Civil Case Cover Sheet;
　　(2) Notice of Case Managment Conference;

*(To be completed by recipient)*:

Date this form is signed:

_____          ▶  _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,                 (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                      ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]     Martin Dean's<br>ESSENTIAL FORMS™

NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

Carole Chadima

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mark P. Velez, Esq.                                    SBN: 163484<br>THE VELEZ LAW FIRM<br>3010 Lava Ridge Court, Suite 180<br>Roseville, California 95661<br>TELEPHONE NO.: (916) 774-2720   FAX NO.(Optional): (916) 774-2730<br>E-MAIL ADDRESS (Optional): velezlaw@live.com<br>ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    Sacramento
STREET ADDRESS:  720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Sacramento, California 95814
BRANCH NAME:

PLAINTIFF/PETITIONER:  Carole Chadima

DEFENDANT/RESPONDENT:USA Waste of California, Inc., a California Corporation;
Waste Management of California, Randy Tessonie, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER:<br>34-2016-00191862 |
|---|---|

TO (insert name of party being served): USA Waste of California, Inc.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 5, 2016

Stephanie N. Pottier
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other (specify):
    (1) Civil Case Cover Sheet;
    (2) Notice of Case Managment Conference;

(To be completed by recipient):

Date this form is signed:

_____                    ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                  ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

Martin Dean's
ESSENTIAL FORMS™

Carole Chadima

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
USA Waste of California, Inc., a California Corporation; Waste Management
of California; Randy Tessonie, Individually; Jay Stratton, Individually; and DOES
1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Carole Chadima

FILED
ENDORSED

MAR 1 8 2016

By _____ D. O'Donnell
Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Sacramento County Superior Court<br>720 9th Street<br>Sacramento, California 95814 | CASE NUMBER: *(Número del Caso):*<br>34-2016-00191862 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark P. Velez, Esq.
3010 Lava Ridge Court, Suite 180
Roseville, California 95661

THE VELEZ LAW FIRM
(916) 774-2720

DATE: **MAR 1 8 2016**          Clerk, by _____ D. O'DONNELL _____, Deputy
*(Fecha)*                       *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

*Martin Dean's*
ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Carole Chadima

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Mark P. Velez, Esq.
**THE VELEZ LAW FIRM**            SBN: 163484
3010 Lava Ridge Court, Suite 180
Roseville, California 95661

TELEPHONE NO.: (916) 774-2720      FAX NO.: (916) 774-2730
ATTORNEY FOR *(Name):*

**FILED
ENDORSED**

MAR 18 2016

By _____
D. O'Donnell
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, California 95814
BRANCH NAME:

CASE NAME: Carole Chadima v. USA Waste of California, Inc., a California Corporation; Waste
Management of Calfornia, Randy Tessonie, Individually, Jay Stratton, Individually

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder | 34-2016-00191862 |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3/16/2016

Mark P. Velez, Esq.
(TYPE OR PRINT NAME)                           ▶ _____
                                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Carole Chadima

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO<br><br>STREET ADDRESS: 720 Ninth STREET<br><br>MAILING ADDRESS: 720 Ninth STREET<br><br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br><br>BRANCH NAME:   Gordon D Schaber Courthouse<br><br>PHONE NUMBER:   (916) 874-5522 | *FOR COURT USE ONLY* |
| SHORT TITLE:   Chadima vs. USA Waste of California Inc | |

| | |
|---|---|
| **NOTICE OF CASE MANAGEMENT CONFERENCE**<br>**AND ORDER TO APPEAR** | CASE NUMBER:<br><br>34-2016-00191862-CU-WT-GDS |

## Hearing Date

The above entitled action has been set for a case management conference at 08:30 AM on 09/15/2016 in Department 36 in accordance with California Rules of Court 212. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

## Case Management Statement

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

### Minimum Requirements
Prior to the filing of the case management statement, the parties should have done the following:
- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

### Tentative Ruling
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

### Case Management Orders
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management. conference is held, the court will issue a case management order shortly after the scheduled conference date.

### Service of Case Management Notice
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

### Certification Filed in Lieu of Case Management Statement
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 03/18/2016

_____
Gerrit W. Wood, Judge of the Superior Court