UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLE CHADIMA, | No. 2:16-cv-1007-JAM-EFB |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| USA WASTE OF CALIFORNIA, INC., a California Corporation; WASTE MANAGEMENT OF CALIFORNIA; RANDY TESSONIE, Individually; JAY STRATTON, Individually; and DOES 1 through 50, inclusive, | |
| Defendants. | |

Plaintiff Carole Chadima ("Ms. Chadima") filed suit against Defendants USA Waste of California ("USA Waste"), Waste Management of California ("Waste Management"), Randy Terronez ("Mr. Terronez"), and Jay Stratton ("Mr. Stratton") in California state court. ECF No. 1-1. Defendant USA Waste removed the case to federal court asserting diversity jurisdiction. ECF No. 1. Plaintiff moves to remand the case to state court. ECF No. 10.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 4, 2016.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

For purposes of a motion to remand, the Court takes the facts alleged in the complaint as true. No Doubt v. Activision Publ'g, Inc., 702 F. Supp. 2d 1139, 1140 (C.D. Cal. 2010) (citing Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987)).

Ms. Chadima worked as a facility manager and gatehouse attendant for USA Waste from 2003 to 2014. Compl. ¶ 12. Ms. Chadima suffered from asthma and sciatica, which limited her ability to walk long distances. Compl. ¶ 11. On March 21, 2014, Ms. Chadima was fired for "fail[ing] to follow established cash handling policies and procedures." Velez Decl. Ex. 3, ECF No. 10-2.

On March 13, 2015, Ms. Chadima filed a Pre-Complaint Inquiry with the California Department of Fair Employment and Housing ("DFEH"). Pl.'s Req. for Judicial Notice ("Pl.'s RJN") Ex. 2, ECF No. 10-5. In the Pre-Complaint Inquiry, Ms. Chadima alleged that she experienced discrimination and harassment based on her actual or perceived age, disability, medical condition, and gender. Id. Ms. Chadima attached twenty pages of notes to her Pre-Complaint Inquiry detailing her experiences with her employer and colleagues during February and March 2014. Pl.'s RJN Ex. 3.

On March 18, 2015, DFEH sent Ms. Chadima a letter with an attached complaint stating that Ms. Chadima needed to return the signed complaint within ten days. Pl.'s RJN Exs. 5, 6. Ms. Chadima signed and returned the complaint on March 23, 2015. Pl.'s RJN Ex. 7. On April 8, 2015, Plaintiff received a "right to sue notice" from DFEH. Pl.'s RJN Ex. 8.

2

1           II.    OPINION

2      A.   Legal Standard: Removal and Fraudulent Joinder

3           Generally, a defendant can remove a state civil action to
4  federal court only if the plaintiff could have brought the case
5  in federal court originally.  See 28 U.S.C. § 1441.  The Ninth
6  Circuit "strictly construe[s] the removal statute against removal
7  jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.
8  1992).  Thus, a federal district court must reject removal
9  jurisdiction "if there is any doubt as to the right of removal in
10 the first instance."  Id.  "The 'strong presumption' against
11 removal jurisdiction means that the defendant always has the
12 burden of establishing that removal is proper."  Id.

13          An out-of-state defendant can remove a case from state court
14 based on diversity of citizenship.  28 U.S.C. § 1441(b).  To
15 establish diversity jurisdiction, the removing defendant must
16 show that complete diversity exists among the parties and that
17 the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.
18 Complete diversity does not exist unless all plaintiffs are
19 citizens of different states than all defendants.  Morris v.
20 Princess Cruises, Inc., 236 F. 3d 1061, 1067 (9th Cir. 2001)
21 (citing Caterpillar v. Lewis, 519 U.S. 61, 68 (1996)).

22          But, an exception to the complete diversity requirement
23 exists if the removing party can show that the plaintiff has
24 "fraudulently joined" a non-diverse defendant to thwart removal
25 to federal court.  Morris, 236 F.3d at 1067.  "Joinder of a non-
26 diverse defendant is deemed fraudulent, and the defendant's
27 presence in the lawsuit is ignored for purposes of determining
28 diversity, if the plaintiff fails to state a cause of action

3

against a resident defendant, and the failure is obvious according to the settled rules of the state." Id.  A defendant asserting removal jurisdiction based on fraudulent joinder must "demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." Gomez v. Rehab., 2016 WL 370692, at *2 (C.D. Cal. Jan. 29, 2016).  Also, there "is a presumption against finding fraudulent joinder, and defendants who assert that [the] plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Id.

B. Analysis

On the face of Ms. Chadima's complaint, complete diversity does not exist: Ms. Chadima is a citizen of California, as are Defendants Waste Management, Mr. Terronez, and Mr. Stratton. See Notice of Removal ¶¶ 6, 12, 16, 22.  USA Waste is incorporated in Delaware with its principal place of business in Texas. Id. ¶ 7.

USA Waste contends that Ms. Chadima fraudulently joined non-diverse Defendants Mr. Terronez, Mr. Stratton, and Waste Management solely for the purpose of defeating removal. Id. at 4-8.  USA Waste claims that the citizenship of these three California Defendants should be disregarded because Ms. Chadima has failed to exhaust her claims against these defendants and therefore cannot maintain any cause of action against any of them. Id.

i. Defendants Terronez and Stratton

Mr. Terronez and Mr. Stratton are fraudulently joined, according to USA Waste, because a plaintiff cannot maintain a wrongful termination claim against an individual manager.  USA

4

Waste's Opp'n to Mot. to Remand ("Opp'n") at 5.  Ms. Chadima does not dispute that she cannot bring a wrongful termination claim against either Mr. Terronez or Mr. Stratton.

Additionally, USA Waste argues that Ms. Chadima's remaining claims for discrimination and harassment against Mr. Terronez and Mr. Stratton fail because Ms. Chadima did not exhaust her administrative remedies within the applicable one-year statutory period.  Opp'n at 5-6.

Under California's Fair Employment and Housing Act ("FEHA"), a plaintiff must file a timely and sufficient administrative complaint with the DFEH within one year after the unlawful practice occurred.  Cal. Gov't Code § 12960(d).  However, "[t]he administrative time limits prescribed by FEHA are treated as equivalent to statutes of limitations and are subject to equitable doctrines such as waiver, estoppel, and tolling." Rodriguez v. Airborne Express, 265 F. 3d 890, 900 (9th Cir. 2001).  Thus, this Court can consider equitable exceptions to the DFEH requirement of filing a complaint within one year.  Holland v. Union Pac. R.R. Co., 154 Cal.App.4th 940, 946 (2007).  One such equitable exception "applies where complainants reasonably are misled through no fault of their own as a result of inaccurate advice from the DFEH."  Id.  Application of this equitable exception "requires balancing the equities in the particular case."  Rodriguez, 265 F. 3d at 901.  While there is no precise formula for balancing the equities in determining whether this exception applies, the Ninth Circuit has adopted some factors to consider.  Id.  "The equities favor a discrimination plaintiff who (1) diligently pursued his claim;

(2) was misinformed or misled by the [DFEH]; (3) relied in fact on the misinformation or misrepresentations of the [DFEH]; . . . and (4) was acting pro se at the time." Id. at 902.

While Ms. Chadima concedes that she did not file her DFEH complaint until March 23, 2015, she claims that her failure to file by March 21, 2015 should be excused because the DFEH informed her in writing that she had until March 28, 2015 to return the signed complaint. Pl.'s RJN Ex. 6.

USA Waste does not dispute the fact that the DFEH erroneously told Ms. Chadima that she had until March 28, 2015 to return her signed complaint. But, USA Waste argues that Ms. Chadima's proffered excuses for failing to timely file her DFEH complaint are unavailing because she was represented by counsel at the time she filed. Opp'n at 7-8. USA Waste contends that to the extent Ms. Chadima was confused regarding applicable statutory timelines, such confusion should be imputed to her counsel. Opp'n at 7. Indeed, the DFEH website indicates that a plaintiff must file a complaint for employment discrimination within one year of the date the discriminatory act occurred. Def.'s Req. for Judicial Notice Ex. 2.

Plaintiff concedes that she had counsel at the time she filed her DFEH complaint; therefore the fourth factor in determining whether an equitable exception should be applied tips in favor of USA Waste. But, the Court's analysis does not stop there and this Court finds that the other three equitable exception factors weigh in favor of excusing Ms. Chadima from the one-year DFEH filing deadline. First, Ms. Chadima diligently pursued her complaint. She sent a Pre-Complaint Inquiry alleging

6

age, disability, and gender discrimination to the DFEH on March 13, 2015.  Pl.'s RJN Ex. 2.  Ms. Chadima also sent a letter to the DFEH stating that she had spoken to someone from the DFEH the day before and that she had "not heard from [the] investigator as of this morning but thought it was imparative (sic) to get this paper work in."  Pl.'s RJN Ex. 4.  Second, Ms. Chadima was misinformed by DFEH in writing that she had until March 28, 2015 to return her signed complaint.  Third, Ms. Chadima relied on the DFEH's incorrect representation in returning her complaint before the March 28 deadline but after the March 21 statutory deadline.  Given that the majority of the equitable exception factors weigh in her favor, the Court finds that Ms. Chadima is excepted from the one-year DFEH statutory deadline.  The Court holds that it would be inequitable to fault Ms. Chadima for filing her administrative complaint a mere two days past the statutory deadline.

USA Waste does not provide any additional arguments as to why Ms. Chadima cannot maintain her discrimination and harassment claims against Mr. Terronez and Mr. Stratton.  Given that Ms. Chadima may go forward with her claims against at least one non-diverse defendant, this Court lacks jurisdiction and must grant this motion to remand.  The Court need not resolve the parties' disagreement as to whether USA Waste or Waste Management of California actually employed Ms. Chadima given the absence of complete diversity between the parties.

III.   SANCTIONS

The Court issued its Order re Filing Requirements ("Order") on May 12, 2016.  ECF No. 4-2.  The Order limits memoranda in support of and in opposition to motions to remand to fifteen pages and reply memoranda in support of motions to remand to five pages.  The Order also states that an attorney who exceeds the page limits must pay monetary sanctions of $50.00 per page and that the Court will not consider any arguments made past the page limit.  Ms. Chadima's memorandum in support of her motion to remand exceeds the page limit by two pages and her reply brief exceeds the page limit by four pages.  As such, the Court has not considered any arguments made after the page limits.  In addition, the Court orders Ms. Chadima's counsel to pay $300.00 in sanctions to the Clerk of the Court within five days of the date of this Order.

IV.   ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's motion to remand.  The Court REMANDS this case to the Superior Court of California for the County of Sacramento.

IT IS SO ORDERED.

Dated: October 26, 2016

/s/ John A. Mendez
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE